IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR 86 |
| v. | : | |
| ALEXANDER L. LAPINSKI | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, ALEXANDER L. LAPINSKI, in his own person and through his attorney, Locke T. Clifford, and state as follows:

1. The defendant, ALEXANDER L. LAPINSKI, is presently under an Information in case number 1:12CR 86 -1, which charges him with violation of Title 18, United States Code, Section 1425, unlawful procurement of citizenship or naturalization.

2. The defendant, ALEXANDER L. LAPINSKI, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, ALEXANDER L. LAPINSKI, understands that the maximum term of imprisonment provided by law for the Information herein is not more than ten years, and the maximum fine for the Information is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, ALEXANDER L. LAPINSKI, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, ALEXANDER L. LAPINSKI, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d. The defendant, ALEXANDER L. LAPINSKI, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, ALEXANDER L. LAPINSKI, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might

entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States

3. That by voluntarily pleading guilty to the Information, the defendant, ALEXANDER L. LAPINSKI, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the Government to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. That the defendant, ALEXANDER L. LAPINSKI, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is further agreed that the defendant, ALEXANDER L. LAPINSKI, will waive in open court prosecution by Indictment and consent that the proceeding may be by Information rather than Indictment.

    b. The defendant agrees that he shall cooperate fully with the Office of the United States Attorney for the Middle District of North Carolina, Immigration and Customs Enforcement, now known as Homeland Security Investigations, and such other law enforcement agencies as either of the foregoing may require, by: (1) providing complete cooperation and truthful testimony

3

concerning any and all criminal activity within his knowledge; and (2) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings as may be required by the Office of the United States Attorney for the Middle District of North Carolina, which is not protected by an attorney client privilege or other confidentially requirement.

  c. It is further understood that if the Court determines at the time of sentencing that the defendant, ALEXANDER L. LAPINSKI, qualifies for a 2-point decrease in the offense level under §3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of §3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to §3E1.1(b)(2) of the Sentencing Guidelines. This recommendation is not binding on the court.

  6. It is further understood that the Government and the defendant, ALEXANDER L. LAPINSKI, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

  7. The defendant, ALEXANDER L. LAPINSKI, further understands and agrees that pursuant to Title 18, United States

4

Code, Section 3013, for any offense committed on or after November 11, 1984, the defendant shall pay an assessment to the Court of $100.00 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 19 day of February 2012.

RIPLEY RAND
United States Attorney

LOCKE T. CLIFFORD
Attorney for Defendant

ARNOLD L. HUSSER
GASB #380175
DCB #432674
Assistant United States Attorney

ALEXANDER L. LAPINSKI
Defendant

P. O. Box 1858
Greensboro, NC 27402
336/333-5351

5